```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
MARVIN GEORGES and JEREL POOL, individually                          :
and on behalf of all others similarly situated,                      :
                                                                     :
                        Plaintiffs,                                  :   23-cv-11164 (LJL)
                                                                     :
        -v-                                                          :   MEMORANDUM AND
                                                                     :        ORDER
DETROIT PIZZA NYC LLC, DETROIT PIZZA                                 :
VENTURES LLC, DETROIT PIZZA LLC, DETROIT                             :
PIZZA EAST LLC, and SCOTT STEVEN                                     :
GREGERSON,                                                           :
                                                                     :
                        Defendants.                                  :
                                                                     :
---------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendants Detroit Pizza NYC LLC, Detroit Pizza Ventures LLC, Detroit Pizza LLC, Detroit Pizza East LLC, and Scott Steven Gregerson ("Defendants") move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Amended Complaint ("Amended Complaint") against them for failure to state a claim for relief. Dkt. No. 20.

For the following reasons, the motion to dismiss the Amended Complaint is denied.

## BACKGROUND

For purposes of this motion, the Court accepts the well-pleaded allegations of the Amended Complaint, Dkt. No. 19, as true.

Defendants are limited liability companies and their owner, operator, and registered agent that—as part of a single integrated enterprise—centrally control the labor relations at a chain of thirty fast-food restaurants operating nationally and doing business under the name Jet's Pizza. Dkt. No. 19 ¶¶ 32, 35, 36–90.

Plaintiff Marvin Georges ("Georges") was employed by Defendants as a fast-food worker at Jet's Pizza in New York City from in or around August 15, 2023, until Defendants terminated his employment on November 15, 2023.  Id. ¶¶ 21, 23, 110.  Plaintiff Jerel Pool ("Pool" and with Georges, "Plaintiffs") was employed by Defendants as a fast-food worker at Jet's Pizza in New York City from in or around August 13, 2023, until October 6, 2023.  Id. ¶¶ 27, 134.

Plaintiffs allege that Defendants violated federal, New York State, and New York City labor laws in a number of different respects.  First, Plaintiffs allege that Defendants failed to pay them for all of the hours that they worked each week.  Id. ¶¶ 112–14, 136.  Second, Plaintiffs allege that Defendants failed to pay them overtime pay for the hours that they worked in excess of forty each week, and failed to factor in all payments when calculating their regular rate of pay for overtime purposes.  Id. ¶¶ 113–15, 137.  Third, Plaintiffs allege that Defendants illegally retained and/or misappropriated tips intended for them.  Id. ¶¶ 117, 138.  Fourth, Plaintiffs allege that Defendants failed to provide them accurate wage statements with each payment of wages as required by the New York Labor Law ("NYLL").  Id. ¶¶ 118–19, 139–40.  Fifth, Plaintiffs allege that Defendants failed to provide each employee with a good faith estimate of the hours, dates, times, and locations of their expected regular schedule in violation of N.Y.C. Admin. Code § 20-1221(a).  Id. ¶¶ 120, 141.  Sixth, Plaintiffs allege that Defendants failed to provide them a written work schedule at least fourteen days before the first day of each schedule in violation of N.Y.C. Admin. Code §§ 20-1201 and 20-1221(b)-(c).  Id. ¶¶ 121–22, 142–43.  Seventh, Plaintiffs allege that Defendants added time to their work schedules with less than fourteen days' advance notice without providing them an opportunity to decline to work the additional time in violation of N.Y.C. Admin. Code § 20-1221(d).  Id. ¶¶ 123, 144.  Eighth, Plaintiffs allege that Defendants regularly changed their work schedules at the last minute without paying schedule change

premiums in violation of N.Y.C. Admin. Code § 1222(a).  *Id.* ¶¶ 124, 145.  Ninth, Plaintiffs allege that Defendants required them to work shifts spanning two calendar days with fewer than eleven hours between shifts without their consent and without paying them $100 for each such shift worked in violation of N.Y.C. Admin. Code § 20-1231.  *Id.* ¶¶ 125, 146.  Tenth, Plaintiffs allege that Defendants failed to notify them of the details of available shifts, including whether the shifts were recurring and how to express interest in them, before hiring new employees in violation of N.Y.C. Admin. Code § 20-1241.  *Id.* ¶¶ 126, 147.  Finally, Plaintiffs allege that Defendants reduced their hours by more than fifteen percent from the highest amount of hours worked in the prior twelve months without providing any written explanation for the reduction in violation of N.Y.C. Admin. Code § 1220-1221(a).  *Id.* ¶¶ 127, 148.

In addition, Plaintiff Georges alleges that Defendants retaliated against him after he complained of the labor law violations at Jet's Pizza.  *Id.* ¶¶ 128–33.

## PROCEDURAL HISTORY

Plaintiffs initiated this action by complaint filed on December 22, 2023.  Dkt. No. 1.  On January 29, 2024, Defendants filed a motion to dismiss the complaint for failure to state a claim for relief.  Dkt. No. 18.  In response, on February 2, 2024, Plaintiffs filed the Amended Complaint.  Dkt. No. 19.[1]  The Amended Complaint alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), by failing to pay them overtime at a rate of 1.5 times their regular rate of pay.  *Id.* ¶¶ 149–53.  It also alleges that Defendants violated New York Labor Law and the New York Fair Workweek Law by their illegal employment practices.  *Id.* ¶¶ 154–203.  Finally, Georges brings claims for retaliation under FLSA and the

---

[1] The Court denied Defendants' motion to dismiss the complaint as moot after the filing of the Amended Complaint.  Dkt. No. 22.

NYLL.  *Id.* ¶¶ 204–17.  Plaintiffs bring this action as a collective action under FLSA, 29 U.S.C. § 216(b), and a class action under Federal Rule of Civil Procedure 23.  *Id.* ¶¶ 13–14.

On February 16, 2024, Defendants filed this motion to dismiss.  Dkt. No. 20.  Plaintiffs filed a memorandum of law in opposition to the motion to dismiss on March 1, 2024.  Dkt. No. 21.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  *Twombly*, 550 U.S. at 555, 557.  The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).  When adjudicating a motion to dismiss under Rule 12(b)(6), the court considers not only the well-pleaded allegations of the complaint but documents incorporated by reference and "matters of which judicial notice may be taken."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.

2002); *see Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 381–82 (S.D.N.Y. 2020), *aff'd*, 847 F. App'x 35 (2d Cir. 2021).

## DISCUSSION

Defendants argue that the Amended Compliant should be dismissed for failure to allege either enterprise or individual coverage under FLSA.

FLSA requires that employers pay a premium or overtime wage of "not less than one and one-half times the regular rate at which [the employee] is employed" for hours worked in excess of forty hours in a single workweek if an employee is either "engaged in commerce or in the production of goods for commerce," or "employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1); *see Maldonado Juarez v. Butterfield Catering Inc.*, 2020 WL 6945944, at *1 (S.D.N.Y. Nov. 25, 2020); *Kaplan v. Wings of Hope Residence, Inc.*, 2018 WL 6437069, at *5 (E.D.N.Y. Dec. 7, 2018).  Thus, "[e]ngagement in interstate commerce, either by an employee or by the employer as a whole, is a prerequisite for liability for the FLSA's overtime requirement."  *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 353 (E.D.N.Y. 2015).  "The two categories are commonly referred to as 'individual' and 'enterprise' coverage, respectively."  *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009); *Ethelberth*, 91 F. Supp. 3d at 353 ("A plaintiff may satisfy [the interstate commerce] requirement by showing 'individual coverage' through his personal engagement in interstate commerce or 'enterprise coverage' through the employer's engagement in interstate commerce").

An enterprise is "engaged in commerce" when it "(i) has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business

5

done is not less than $500,000 . . . ." 29 U.S.C. § 203(s)(1)(A).  FLSA defines the term "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).  "The word 'commerce' in this provision refers to 'interstate commerce.'" *Vasquez v. NS Luxury Limousine Serv., Ltd.*, 2021 WL 1226567, at *9 (S.D.N.Y. Mar. 31, 2021) (quoting *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 528 (S.D.N.Y. 1998) (Sotomayor, J.)).  FLSA defines an "enterprise," *inter alia*, as "the related activities performed . . . by any person or persons for a common business purpose . . . [excluding] the related activities performed for such an enterprise by an independent contractor." 29 U.S.C. § 203(r)(1); *see also Jacobs*, 577 F.3d at 97.

The requirement that the enterprise be "engaged in commerce" is "rarely difficult to establish." *Jacobs*, 577 F.3d at 99 n.7.  "[L]ocal business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce." *Archie*, 997 F. Supp. 504 at 530.  The enterprise coverage requirement can be met "by showing that two or more employees have 'handl[ed] . . . materials that have been moved in . . . commerce,'" even without any demonstration that the enterprise sells its goods or services in interstate commerce. *Jacobs*, 577 F.3d at 99 n.7 (quoting 29 U.S.C. § 203(s)(1)(A)(i)) (citing *Wirtz v. Melos Constr. Corp.*, 408 F.2d 626, 628 (2d Cir. 1969), for the proposition that "'handling' includes dealing in goods consumed locally in the employer's business," and *Archie*, 997 F. Supp. 504 at 530, to demonstrate "the ease with which the second step is satisfied under § 203(s), 'lead[ing] to the result that virtually every enterprise in the nation . . . is covered by the FLSA'").  "Enterprise coverage has been interpreted broadly by the courts." *Ethelberth*, 91 F. Supp. 3d at 355 (quoting *Boekemeier v. Fourth Universalist*

*Soc'y in City of N.Y.*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000)); *Keawsri v. Ramen-Ya Inc.*, 2021 WL 3540671, at *5 (S.D.N.Y. Aug. 10, 2021). Enterprise coverage "is not a high hurdle for Plaintiff to clear." *Soto v. Miss Laser Inc.*, 2023 WL 319547, at *4 (E.D.N.Y. Jan. 19, 2023).

By contrast, "[t]o establish individual coverage, the employee must perform work involving or related to the movement of persons or things . . . among the several States or between any State and any place outside thereof." *Kantor v. Air Atl. Med., P.C.*, 2021 WL 3888067, at *4 (E.D.N.Y. July 7, 2021) (citations and internal quotation marks omitted), *report and recommendation adopted*, 2021 WL 3884193 (E.D.N.Y. Aug. 31, 2021). "For a court to find that an employee is 'engaged in commerce' under the FLSA, the employee must demonstrate that 'their work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'" *Soto*, 2023 WL 319547, at *3 (quoting *Kantor*, 2021 WL 3888067, at *4 (citations and internal quotation marks omitted)).

FLSA's protection does not extend just to those who sell their wares in commerce but also to those who, in the preparation of those wares, "handl[e] . . . materials that have been moved in . . . commerce." 29 U.S.C. § 203(s)(1); *see, e.g.*, *Lopez v. MNAF Pizzeria, Inc.*, 2021 WL 1164336, at *5 (S.D.N.Y. Mar. 25, 2021) ("It is inconceivable that a restaurant with over $500,000 in annual sales did not use materials originating from out of state."); *Gao v. Kerry Nails Salon Corp.*, 2021 WL 673460, at *3 (S.D.N.Y. Feb. 22, 2021) ("The Court concludes that the nail salon's employees handle and work with products—such as nail polish and nail polish remover—that have traveled in interstate commerce."); *Shu Lan Chen v. Gypsophila Nail & Spa Inc.*, 2015 WL 3473510, at *4 (S.D.N.Y. June 2, 2015) ("The complaint alleges that Plaintiff was employed as a 'nail technician and beautician' who 'was responsible for performing manicures

7

and pedicures, hair removal procedures, and massages for customers.' She also performed 'cleaning duties,' including 'sweeping, garbage removal, and other cleaning tasks.' The [c]ourt concludes that 'it is logical to infer' from Plaintiff's allegations concerning the business that Defendants 'ha[ve] employees who handle goods or materials that have moved in interstate commerce.'") (internal citations omitted); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015); *Huerta v. Victoria Bakery*, 2012 WL 1107655, at *2 (E.D.N.Y. Mar. 30, 2012).

Plaintiffs satisfy the test for enterprise coverage. Each corporate Defendant is alleged to be part of a chain with thirty or more establishments nationally. Dkt. No. 19 ¶¶ 41, 51, 61, 71. The operations of each have been interrelated and unified. *Id.* ¶ 33. Plaintiffs further allege that each corporate Defendant had an annual gross volume of sales in excess of $500,000 and "employed more than two employees and its employees utilize goods, equipment, and/or materials that have moved in interstate commerce." *Id.* ¶¶ 44–45, 54–55, 64–65, 74–75. Finally, and specifically, Plaintiffs do not merely allege that Jet's Pizza "purchased and handled goods [that] moved in interstate commerce without specifying any such goods." *Qi v. Bayside Chicken Lovers Inc.*, 2023 WL 2632494, at *6 (E.D.N.Y. Mar. 24, 2023) (internal quotation marks omitted). Plaintiffs specify the goods that moved in interstate commerce. Plaintiffs allege that employees of each of the corporate defendants "regularly handled goods in interstate commerce, including, but not limited to, Pepsi-Cola beverages, mozzarella cheese, butter, flour, tomato sauce, tomatoes, chickens, pepperoni, bacon, salami, mushrooms, peppers, onions, olives, lettuce, paper towels, cleaning products, and other supplies produced outside the State of New York." Dkt. No. 19 ¶¶ 46, 56, 66, 76.

Defendants retort that none of the products used by them in their business "are obviously produced or imported from other states," and that "New York is a leading agricultural state producing . . . dairy, poultry, fruit, tomatoes, etc." Dkt. No. 20-1 at 4. But, at the pleading stage it is not Plaintiffs' burden "to specify the exact origin of the goods that Defendants' employees handled . . . ." *Soto*, 2023 WL 319547, at *4. It is enough that the facts pleaded make it plausible that the goods utilized and sold by Defendants traveled in interstate commerce. *See Gomez v. El Rancho de Andres Carne de Tres Inc.*, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014). Here, "it is simply inconceivable that none of the . . . supplies used at [Jet's Pizza] originated outside of New York." *Shim v. Millennium Grp.*, 2009 WL 211367, at *3 (E.D.N.Y. Jan. 28, 2009); *see Cabrera v. Canela*, 412 F. Supp. 3d 167, 174 (E.D.N.Y. 2019) ("[I]t would defy logic to assume that none of the food, drinks, or materials served or used in the restaurant originated out of state.").[2]

---

[2] The cases that Defendants cite do not support their argument. In *Soto*, the court held that the plaintiff sufficiently alleged enterprise coverage with respect to a nail salon on the basis that its employees used soaps, chemicals, dermarollers, and/or laser hair removal tools that the court inferred must have originated outside of New York. 2023 WL 319547, at *5. *Kuhnmuench v. Phenix Pierre, LLC*, 2018 WL 1357383 (S.D.N.Y. Mar. 15, 2018), appears to have involved individual coverage and not enterprise coverage. *Id.* at *5. In both *Santacruz v. Blok Chocolatier LLC*, 2021 WL 4341103, at *5 (E.D.N.Y. June 23, 2021), *report and recommendation adopted*, 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021), and *Qi*, 2023 WL 2632494, at *6, the "allegations about enterprise coverage parrot[ted] the statute and [we]re conclusory," *Santacruz*, 2021 WL 4341103, at *5, and did not identify any goods that moved in interstate commerce. Indeed, in *Santacruz*, the court went on to state "[a]n allegation that asserts that a defendant's employees purchased or handled out-of-state cleaning supplies would have fulfilled th[e enterprise coverage] requirement." *Santacruz*, 2021 WL 4341103, at *5.

9

## CONCLUSION

The motion to dismiss the Amended Complaint is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 20.


SO ORDERED.

Dated: March 20, 2024
      New York, New York

                                          LEWIS J. LIMAN
                                     United States District Judge